UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MANDEEP SINGH *and* N.S., *kid daughter*
*of Singh as friend of court*,

                Plaintiffs,

    v.

MICROSOFT CORPORATION, INTEL
CORPORATION, NATIONAL SECURITY
AGENCY, SATYA NADELLA, PATRICK
GELSINGER, HAERIM WON, *and*
LEEANN CHOI,

                Defendants.

Case No. 3:24-cv-1323-AR

**OPINION AND ORDER**

_____

**ARMISTEAD, Magistrate Judge**

       Plaintiff Mandeep Singh, representing himself, brings this lawsuit against Intel

Corporation (his former employer), Microsoft Corporation, the National Security Agency (NSA),

and four individuals who work at Microsoft or Intel.

The following facts are from Singh's complaint and accepted as true for the purpose of this Order. Singh began working on semiconductor technology at Intel in 2011. (Compl. at 8.) In late 2018, Singh attended an event hosted by Microsoft and led by its employee, Haerim Won, that focused on solving scientific problems in Artificial Intelligence. (*Id.* at 10.) Following the event, Singh asked Won to send him scientific problem statements, and she said she would. But Won never sent the statements and she blocked Singh from contacting her. In early 2019, she unblocked him, and the two exchanged text messages. During the text exchange, Won insulted Singh. She later got a no-contact order against Singh from a Washington state court. Singh contends that the state court failed to establish facts when it issued the no-contact order. (*Id.* at 25.) He appealed to the Washington Supreme Court and then petitioned for certiorari at the United States Supreme Court—both efforts were unsuccessful. Singh brings claims for breach of verbal contract and intentional infliction of emotional distress against Won. He also asks that all orders in Washington Supreme Court case 998400 be reversed or vacated. (*Id.* at 26.)

Between 2018 and 2021, Microsoft recruited several Intel employees. (*Id.* at 28.) For a time, Singh was interested in moving to Seattle to work for Microsoft, as some of his colleagues had done. (*Id.* at 31.) But he eventually concluded that Microsoft's recruitment of Intel engineers was coercion, and violated the CHIPS for America Act, H.R. 7178, and the Sherman and Clayton Antitrust Acts, 15 U.S.C. §§ 1-38, by monopolizing semiconductor technology. (Compl. at 5, 31.) He brings claims against Microsoft on those bases.

Singh also alleges that Microsoft and Intel committed plagiarism and stole his intellectual property when they entered into the "Foundry Partnership" related to chip design in February 2024. (*Id.* at 37, 39.) In Singh's view, the partnership resulted from his efforts, including his

petition for certiorari to the United States Supreme Court, where he raised the question: "To bolster the agenda for Chips for America Act, should Microsoft design using Intel's semiconductor process after they hired so many Intel Engineers in last 4 years?" (*Id.* at 13.) Singh seeks compensation for his efforts that led to the $15 billion partnership. (*Id.* at 36, 39.)

In March or April 2023, Singh received a conditional job offer from the NSA. The conditional offer required that Singh submit to a full-day security interview. During his interview, Singh had to answer questions about, and relive the trauma of, his earlier court cases. (*Id.* at 8, 11.) Singh also submitted to a psychiatric evaluation and a polygraph; he cried uncontrollably during both. (*Id.* at 12.) On those bases, Singh brings claims against the NSA for harassment and discrimination based on age, sex, color, and nationality. (*Id.* at 5-6.)

In October 2023, Singh nonvoluntarily resigned from Intel due to a hostile work environment. (*Id.* at 11.) While working at Intel, Singh worked 12-14 hours per day, and experienced injuries because of the long hours. He didn't take vacation and had to skip a family wedding. (*Id.* at 19-20.) Because of the long hours and heavy workload, Singh began experiencing mental health issues. (*Id.* at 20.) Singh alleges that Intel retaliated against him by not acknowledging his efforts in his case before the United States Supreme Court, not acknowledging when he raised antitrust issues to his manager, and not offering him any job that he applied for after the Intel-Microsoft Foundry Partnership materialized in 2024. (*Id.* at 21-22.)

Now before the court are Singh's motions to seal the case, for either defendants or the court to pay him $10,000 per month, to vacate all orders in a Washington Supreme Court case, to have the U.S. Marshals serve defendants, to appoint a translator, and for five depositions by

written questions. (ECF Nos. 2-11.) Because each of Singh's motions is either premature or without justification, Singh's motions are DENIED.

## MOTIONS

### A.    *Motion to Seal the Case*

Singh asks the court to seal all documents in this case because the NSA is a party to the case and because the case could potentially involve sensitive information. (ECF No. 2.)

There is a strong presumption in favor of public access to court-filed documents, rooted in the public's interest in overseeing the workings of public institutions like the courts. *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). To overcome the presumption of access, a party seeking to seal a document that is "more than tangentially related to the underlying cause of action," *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1099 (9th Cir. 2016), must show "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Kamakana*, 447 F.3d at 1178-79 (quotation marks and citation omitted).

Singh's representation that there may be sensitive information in documents filed later in this case is not a compelling reason to seal the entire case. Accordingly, Singh's motion to seal all documents in this case is DENIED, and the Clerk is directed to UNSEAL this case. Any party may later move to file a particular document under seal.

### B.    *Motion for $10,000 per Month*

Singh asks that this court order defendants to pay him $10,000 per month while this action is pending. Alternatively, if defendants object, Singh asks that this court pay him that amount instead. (ECF No. 3.) Singh points to no legal basis entitling him to payments from

Page 4  – OPINION AND ORDER

either defendants or the court. Singh's motion for $10,000 per month is DENIED.

**C.**     ***Motion to Vacate All Orders in Washington Supreme Court Case and to Dismiss King County District Court Case***

In both his Complaint and a separately filed motion (ECF No. 4), Singh asks this court to vacate orders by the Washington Supreme Court and to dismiss a case in King County District Court (a Washington state trial court). It is unclear why Singh has filed a separate motion for the relief that he seeks in his complaint. To the extent that Singh is hoping the court will resolve this issue before defendants have appeared and filed a response to his complaint, Singh has not shown that this matter is appropriate for consideration on an *ex parte* basis—that is, without input from the opposing party.

*Ex parte* proceedings are "appropriate only in a narrow set of circumstances." *United States v. Real Prop. Located at 22 Santa Barbara Drive*, 264 F.3d 860, 870 (9th Cir. 2001) (citing *In re Intermagnetics Am., Inc.*, 101 B.R. 191, 193-94 (C.D. Cal. 1989)). For example, *ex parte* proceedings may be appropriate where there is some "genuine urgency such that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or his attorney can be heard in opposition;" where there is danger that notice to a party will result in that party's flight, destruction of evidence, or secretion of assets; or where a party seeks a routine procedural order. *In re Intermagnetics*, 101 B.R. at 193-94. Singh's motion is not for a routine procedural order, nor does he offer any other justification for *ex parte* consideration of his motion. Singh's motion (ECF No. 4) is therefore DENIED.

In any case, Singh's claims that ask the court to vacate orders by the Washington Supreme Court and to dismiss a case in King County are outside of this court's subject matter

jurisdiction, under what is known as the *Rooker-Feldman* doctrine. That doctrine provides that federal district courts lack subject matter jurisdiction over lawsuits that are, in effect, appeals from state court judgments. *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 415 (1923); *Noel v. Hall*, 341 F.3d 1148, 1155 (9th Cir. 2003). A federal lawsuit may be an improper appeal where the federal claims raised are intertwined with a state court judgment. *Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 859 (9th Cir. 2008). This occurs where a federal lawsuit requests relief that would effectively reverse a state court decision or void its ruling. *Fontana Empire Ctr., LLC v. City of Fontana*, 307 F.3d 987, 992 (9th Cir. 2002); *see also Bianci v. Rylaarsdam*, 334 F.3d 895, 901 (9th Cir. 2003) ("[T]he *Rooker-Feldman* doctrine is not limited to claims that were actually decided by the state courts, but rather it precludes review of all state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional." (quotation marks omitted)).

Accordingly, if Singh does not amend his complaint to show why his claims related to his Washington state court cases are within this court's subject matter jurisdiction, those claims may be dismissed.

**D.**    ***Motion for U.S. Marshals to Serve Defendants***

Singh asks that this court order the U.S. Marshals to serve defendants at the court's expense. (ECF No. 5.) Local Rule 4-3 provides that "U.S. Marshals Office personnel will not serve the complaint and summons in private civil actions" unless required by law or "upon application for good cause shown and subsequent court order." Singh has not shown good cause why the U.S. Marshals should complete service in this private civil action. Singh's assertion that

he does not know where to serve defendants is insufficient, particularly because Local Rule 4-1

requires Singh to prepare proposed summonses that include defendants' names and addresses in,

as Singh has already done. (*See* ECF No. 13.) And no law requires that the U.S. Marshals serve

defendants in this lawsuit. Plaintiff's motion for the U.S. Marshals to serve defendants (ECF No.

5) is DENIED. If Singh fails to serve defendants within 90 days from the date he filed his

complaint—that is, by November 11, 2024—the court may dismiss defendants from this action.

*See* FED. R. CIV. P. 4(m).

**E.**      *Motion for Punjabi/Hindi Interpreter for Hearings and Trial*

Singh asks that a translator be appointed for hearings and trial in this case because he

may have trouble understanding if people speak quickly in English and because he is not as

fluent in English as defendants. (ECF No. 6.) There are currently no hearings or trial scheduled.

Accordingly, Singh's motion is premature and is DENIED. If the court holds any hearings in this

case, or if the case goes to trial, Singh may renew his request for a translator or interpreter. The

court notes, however, that it is skeptical of its authority to grant such a request. *E.g.*, *Nguyen v.*

*Qualcomm, Inc.*, Case No. 09-CV-1925-MMA(WVG), 2013 WL 12061829, at *1 (S.D. Cal.

Sept. 11, 2013) (denying plaintiff's motion to appoint interpreter to assist plaintiff during trial at

court expense, noting that court had no statutory authority to do so in a civil action and that

interpreter was unnecessary for a fair trial where plaintiff had an adequate grasp of the English

language).

**F.**      *Motions for Depositions by Written Questions and Ex parte Discussions with Court*

Singh makes five motions for "deposition by written questions under Rule 31(a)(2)" and

for "*Ex parte* Oral Discussion" with this court regarding those motions. (ECF Nos. 7-11.)

Federal Rule of Civil Procedure 26(d) provides that, with exceptions not relevant here, "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)" absent a court order upon a showing of good cause. FED. R. CIV. P. 26(d); *Vineyard Investigations v. E. & J. Gallo Winery*, Case No. 1:19-cv-01482-NONE-SKO, 2020 WL 7342632, at *2 (E.D. Cal. Dec. 14, 2020). And, under Local Rule 26-3, "[t]he court will deny any discovery motion that does not contain the certification required by [Local Rule] 7-1(a)."

Singh has not made the required certification under Local Rule 7-1(a) that either (1) the parties made a good-faith effort to resolve the discovery dispute and have been unable to do so, or (2) the opposing party willfully refused to confer. Singh's discovery motions are premature at this stage of the case and must be denied under the Local Rules. Defendants have not yet been served, nor have the parties held their required discovery conference under Federal Rule of Civil Procedure 26(f). Singh offers no reason why he should be permitted to proceed with discovery at this stage. Nor does he offer any justification for his requested *ex parte* oral discussions with the court. Singh's motions for depositions and for *ex parte* discussions (ECF Nos. 7-11) are DENIED.

## G.    *Self-Representation*

Finally, the court makes two notes about self-representation in this court.

First, although Singh may represent himself in this action, he cannot represent his minor daughter. *Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997) ("A parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer."). If counsel does not appear to represent Singh's minor daughter within 30 days of this order (that is, by September 16, 2024), the court may dismiss her claims.

Page 8  – OPINION AND ORDER

Second, despite proceeding without a lawyer, Singh is expected to comply with the

Federal Rules of Civil Procedure and this court's Local Rules. Those rules, and the District of

Oregon's Handbook for Self-Represented Parties, are available on the court's website, at

https://www.ord.uscourts.gov/index.php/representing-yourself.

## CONCLUSION

For the above reasons, Singh's motions (ECF Nos. 2-11) are DENIED.

DATED: August 23, 2024

_____
JEFF ARMISTEAD
United States Magistrate Judge

Page 9  – OPINION AND ORDER